IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>               Plaintiff,<br>     v.<br><br><br>SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>          Defendants. | CIVIL ACTION NO. 2:21-cv-00041<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gesture Technology Partners, LLC ("GTP" or "Plaintiff") files this original complaint against Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1.     Gesture Technology Partners, LLC is a limited liability company filed under the laws of the State of Ohio, with its principal place of business at 2815 Joelle Drive, Toledo, Ohio 43617.

2.     Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing organized under the laws of South Korea. It has its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.  SEC designs, manufactures, makes, uses, imports into the United States, sells, and/or offers for sale in the United States SEC

smartphones and tablets.  SEC's smartphones and tablets are marketed, used, offered for sale, and/or sold throughout the United States, including within this district.

3.      Defendant Samsung Electronics America, Inc. is a corporation organized under the laws of the State of New York. Its principal place of business is at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.  SEA is a wholly owned subsidiary of SEC and oversees domestic sales and distribution of Samsung's consumer electronics products, including the products accused of infringement in this case.

## JURISDICTION AND VENUE

4.      GTP repeats and re-alleges the allegations in Paragraphs 1-3 as though fully set forth in their entirety.

5.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

7.      Samsung is subject to this Court's specific and general personal jurisdiction due at least to Samsung's substantial business in this forum, including (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

8.      Specifically, Samsung intends to and does business in Texas, directly or through intermediaries and offers its products or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Eastern District of Texas.

9.      Samsung maintains a regular and established place of business in this District, including at 1301 East Lookout Drive, Richardson, Texas 75080 and 1000 Klein Road, Plano, Texas 75074.  SEA may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

10.      Samsung has not disputed this Court's personal jurisdiction over in other recent patent-infringement actions.  *See, e.g.*, Answer at ¶ 10, *Barkan Wireless v. Samsung Elecs. Co., Ltd. et al.*, No. 2:18-cv-00028-JRG, Dkt. 25 (E.D. Tex., Apr. 23, 2018);  Answer at ¶ 9, *Immersion Corp. v. Samsung Electronics America*, No. 2:17-cv-572 (E.D. Tex. Oct. Oct 24, 2017);  Answer at ¶ 10, *Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428 (E.D. Tex. Oct. 20, 2017);  Answer at ¶ 8, *Spacetime3D, Inc. v. Samsung Electronics Co., LTC and Samsung Electronics America, Inc.*, No. 2:19-cv-00372 (E.D. Tex. May 16, 2020).

11.      Venue is proper against SEC pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation.  *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

12.      Venue is proper against SEA in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District.  *See In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

13.      In other recent patent actions, Samsung either "admit[ted]," (Answer at ¶ 14, *Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428 (E.D. Tex. Oct. 20, 2017)), or "d[id] not contest," (Answer at ¶ 10, *Immersion Corp. v. Samsung Electronics America*, No. 16-cv-572 (E.D. Tex. Oct. 24, 2017)), that this District is a proper venue for patent infringement actions against them.  *See also, e.g.*, Samsung Defendants' Answer at ¶ 12, *Barkan Wireless*, No. 2:18-cv-00028-

JRG, Dkt. 25 (E.D. Tex., Apr. 23, 2018);   Answer at ¶ 9-10 *Spacetime3D, Inc. v. Samsung Electronics Co., LTC and Samsung Electronics America, Inc.*, No. 2:19-cv-00372 (E.D. Tex. May 16, 2020).

14.        In 2018, Samsung relocated 1,000 jobs to its new Plano campus. *See Samsung moving 1,000 jobs to Legacy Central Plano*, available at https://planotexas.org/765/Samsung-moving-1000-jobs-to-Legacy-Centr (last accessed Jan. 16, 2021).

15.        In 2020, Samsung announced plans to expand its Plano presence. *See Samsung plans for Plano office expansion*, available at https://www.dallasnews.com/business/real-estate/2020/03/20/samsung-plans-for-plano-office-expansion/ (last accessed Jan. 16, 2021).

## THE TECHNOLOGY

16.        GTP repeats and re-alleges the allegations in Paragraphs 1-15 as though fully set forth in their entirety.

17.        GTP was founded in 2013 by Dr. Timothy Pryor, the sole inventor of the five Asserted Patents.  He currently resides in Toledo, Ohio.  Dr. Pryor received a B.S. in Engineering Physics from Johns Hopkins University in 1962, where he was also a member of the Army Reserve Officer in Training (ROTC) program.  Upon graduation, he was commissioned as a Second Lieutenant in the United States Army.  Dr. Pryor continued his education, obtaining an M.S. in Physics from the University of Illinois (1964) and a Ph.D. in Mechanical Engineering from the University of Windsor (1972).

18.        Dr. Pryor rose to the rank of Captain in the U.S. Army before his honorable discharge in 1967.  Dr. Pryor served in at the U.S. Army Aberdeen Proving Ground and Italy, commanding missile teams supporting the Italian armed forces on a NATO anti-aircraft missile site, charged with guarding nuclear warheads and providing technical assistance to NATO.

19.      Dr. Pryor is a named inventor on over 200 patents and patent applications.  For the past four decades, he has been a pioneer in laser sensing technology, motion sensing technology, machine vision technology and camera-based interactive technology.

20.      Since the 1970's, Dr. Pryor has founded and led three other companies:  two small operating companies in the automotive parts inspection and robotics businesses, one company that developed new forms of vehicle instrument panel controls, and co-founded another company that utilized camera-based sensors for physical therapy.  Dr. Pryor is responsible for a significant amount of the research and development for the technologies at these companies.

21.      The patents-in-suit, U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent") (collectively, the "Asserted Patents"), are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions.

22.      Dr. Pryor conceived of the inventions embodied in the Asserted Patents  in the mid-to late-1990s, when he was working on a variety of different projects related to imaging and computer control.   Dr. Pryor describes the process as a "brainstorm" that led to several breakthrough moments, ultimately resulting in the Asserted Patents.

**THE ACCUSED PRODUCTS**

23.      GTP repeats and re-alleges the allegations in Paragraphs 1-22 as though fully set forth in their entirety.

24.      Samsung infringed the asserted patents by making, using, selling, offering to sell, and importing its smartphones and tablets.  Exemplary accused infringing smartphones and tablets

include, but are not limited to, the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4 (collectively the "Accused Products").

**EXAMPLES OF SAMSUNG'S MARKETING OF THE ACCUSED FEATURES**

25.     The Accused Products have features including, but not limited to, at least the following:  Gesture Detection, Smile Shutter, Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, Tracking Autofocus, Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Adjust Blur, Face Location, Active Shape Connection, Internet Transfer After Sense (E.G., QR Code), Bixby Vision, Control Exposure Based On Location, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, Portrait Mode, and Smile Shot (the "Features").

26.     The Features drive the popularity and sales of the Accused Products.

27.     For example, Samsung has marketed the Accused Products using iris scanning to unlock the phone as a superior security feature, as described in the following screenshot from Samsung's website:[1]

> Iris scanning is a way of securely keeping the contents of your phone from prying eyes, first introduced on the Galaxy S8 and S8+. It uses the biometric information of your irises to identify you. And because virtually no two irises are alike as well as being almost impossible to replicate, scanning your irises is a fool-proof method of mobile security.
>
> To set up iris scanning, go to Settings > Lock screen and security > Iris Scanner and enter your PIN, pattern, or password. Hold your phone up and align your eyes with the highlighted area.
>
> Once set up, you can use iris scanning to securely access the private files and apps you have on your Secure Folder as well as use Samsung Pass to log in to your accounts quickly and safely.

---

[1] Samsung Electronics Co., Ltd., *How does the iris scanner work on Galaxy S9, Galaxy S9+, and Galaxy Note9*, available at https://www.samsung.com/global/galaxy/what-is/iris-scanning/ (last accessed January 16, 2020).

28.     Samsung has marketed its Accused Products using facial recognition to make payments through Samsung Pay, as described in the following screenshot from Samsung's website:[2]



29.     Samsung has marketed its Accused Products using functions in taking photos and videos, such as the gesture control in its front-facing camera, as described in the following screenshot from Samsung's website:[3]

---

[2] Samsung Electronics Co., Ltd., *Samsung Pay More than a wallet*, available at https://www.samsung.com/us/samsung-pay/ (last accessed January 16, 2020).
[3] Samsung Electronics Co., Ltd., *Use motions and gestures to control your Galaxy phone*, available at https://www.samsung.com/us/support/answer/ANS00086302/ (last accessed January 16, 2020).



30.     Samsung has marketed the Accused Products using convenience features, such as

Smart Stay features, as described in the following screenshot from Samsung's website[4]:



_____

[4] Samsung Electronics Co., Ltd., *What is the Smart Stay feature on my Samsung Galaxy Note??*, available at https://www.samsung.com/za/support/mobile-devices/what-is-the-smart-stay-feature-on-my-samsung-galaxy-note2/ (last accessed January 16, 2020).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,194,924

31.     GTP repeats and re-alleges the allegations in Paragraphs 1-30 as though fully set forth in their entirety.

32.     GTP owns all substantial rights, interest, and title in and to the '924 patent, including the sole and exclusive right to prosecute this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '924 patent on June 5, 2012.  A copy of the '924 patent is attached as Exhibit A.

33.     The '924 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices."  The '924 patent describes using a camera output such that the handheld device's computer performs a control function on the device, such as acquiring or taking images, reading things, determining data, transmitting data, printing data, and actuating a vehicle or function.

34.     The claims of the '924 patent are not directed to an abstract idea.

35.     Samsung has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '924 patent.

36.     Samsung has infringed the '924 patent by making, using, selling, offering for sale, and importing the Accused Products.

37.     The Accused Products are handheld devices with a housing and a computer, including but not limited to one or more System-on-Chips.

38.     The Accused Products have at least one first camera oriented to view a user of the Accused Product.  The first camera has an output when used.

9

39.     The Accused Products have at least one second camera oriented to view an object other than the user.  The second camera has an output when used.

40.     The first and second cameras of the Accused Products have non-overlapping fields of view.

41.     The computer of the Accused Products is adapted to perform a control function, such as the control functions associated with the Features, based on an output of either the first camera or the second camera.

42.     Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above.   Thus, Samsung is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '924 patent.

44.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '924 patent.

45.     Samsung had knowledge of the '924 patent at least as of the filing of this Complaint.

46.     Samsung has also indirectly infringed one or more claims of the '924 patent by inducing others to directly infringe the '924 patent.  Samsung has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '924 patent by using the Accused Products.   Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '924 patent, including, for example, Claim 1 of

the '924 patent.  Such steps by Samsung included, among other things, advising or directing end-users and other third-parties to use the Accused Features in the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.  Samsung performed these steps, which constitute induced infringement with the knowledge of the '924 patent and with the knowledge that the induced acts constitute infringement.  Samsung was aware that the normal and customary use of the Accused Products by others would infringe the '924 patent.  Samsung's direct infringement of the '924 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 7,933,431**

47.     GTP repeats and re-alleges the allegations in Paragraphs 1-46 as though fully set forth in their entirety.

48.     GTP owns all substantial rights, interest, and title in and to the '431 patent, including the sole and exclusive right to prosecute this action and enforce the '431 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '431 patent on April 26, 2011.  A copy of the '431 patent is attached as Exhibit B.

49.     The '431 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming, or Other Devices."  The '431 patent describes a method for a user to control a handheld device using gestures that are observed by a sensor on the handheld device.

11

50.       Samsung has directly infringed (literally or under the doctrine of equivalents) at least Claim 7 of the '431 patent.  Samsung has infringed the '431 patent by making, using, selling, offering to sell, and importing the Accused Products.

51.       The claims of the '431 patent are not directed to an abstract idea.

52.       The Accused Products are handheld computers.

53.       The Accused Products have a housing.

54.       The Accused Products have one or more cameras associated with their housing. The one or more cameras obtain images of objects using reflected light from the objects.

55.       A computer, including but not limited to at least one System on Chip, resides within the housing of the Accused Products.  The computer analyzes images obtained by the one or more images to determine information about a position or movement of the object.

56.       The Accused Products use information about the object to control a function of the Accused Products, such as the functions associated with the Features.

57.       Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above.  Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

58.       Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '431 Patent.

59.       Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '431 patent.

60.       Samsung had knowledge of the '431 patent at least as of the filing of this Complaint.

61.     Samsung has also indirectly infringed one or more claims of the '431 patent by inducing others to directly infringe the '431 patent.  Samsung has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '431 patent by using the Accused Products.   Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '431 patent, including, for example, Claim 7 of the '431 patent.  Such steps by Samsung included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Samsung performed these steps, which constitute induced infringement with the knowledge of the '431 patent and with the knowledge that the induced acts constitute infringement.  Samsung was aware that the normal and customary use of the Accused Products by others would infringe the '431 patent. Samsung's direct and indirect infringement of the '431 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,878,949

62.     GTP repeats and re-alleges the allegations in Paragraphs 1-61 as though fully set forth in their entirety.

63.     GTP owns all substantial rights, interest, and title in and to the '949 patent, including the sole and exclusive right to prosecute this action and enforce the '949 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark

Office duly issued the '949 patent on November 4, 2014.  A copy of the '949 patent is attached as Exhibit C.

64.       The '949 Patent is titled "Camera Based Interaction and Instruction."  The '949 patent describes a device that allows a user to control the device using gestures registered by the front-facing camera and an electro-optical sensor.

65.       The claims of the '949 patent are not directed to an abstract idea.

66.        Samsung has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '949 patent.  Samsung infringed the '949 patent by making, using, selling, offering for sale, and importing the Accused Products.

67.       The Accused Products are portable devices.

68.       The Accused Products have a housing.  The housing has a forward-facing portion that includes an electro-optical sensor that has a field of view and a digital camera.

69.       Within the housing is a processing unit including, but not limited to, at least one System on Chip.  The processing unit is coupled to the electro-optical sensor.

70.       The processing unit in the Accused Products has been programmed to determine if a gesture has been performed in the electro-optical sensors field of view based on an output from the electro-optical sensor.

71.       The processing unit of the Accused Products controls the digital camera in response to the gesture performed.  Such gestures are used by the Features.

72.       Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above.  Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

73.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '949 Patent.

74.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '949 patent.

75.     Samsung had knowledge of the '949 patent at least as of the filing of this Complaint.

76.     Samsung has also indirectly infringed one or more claims of the '949 patent by inducing others to directly infringe the '949 patent.  Samsung has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '949 patent by using the Accused Products.   Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '949 patent, including, for example, Claim 1 of the '949 patent.  Such steps by Samsung included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Samsung performed these steps, which constitute induced infringement with the knowledge of the '949 patent and with the knowledge that the induced acts constitute infringement.  Samsung was aware that the normal and customary use of the Accused Products by others would infringe the '949 patent.  Samsung's direct and indirect infringement of the '949 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,553,079

77.     GTP repeats and re-alleges the allegations in Paragraphs 1-76 as though fully set forth in their entirety.

78.     GTP owns all substantial rights, interest, and title in and to the '079 patent, including the sole and exclusive right to prosecute this action and enforce the '079 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '079 patent on October 8, 2013.  A copy of the '079 patent is attached as Exhibit D.

79.     The '079 patent is titled "More Useful Man Machine Interfaces and Applications." The '079 patent describes methods and apparatuses related to determining gestures illuminated by a light source of a computer by using a camera housed in the computer.

80.     The claims of the '079 patent are not directed to an abstract idea.

81.     Samsung has directly infringed (literally or under the doctrine of equivalents) at least Claim 11 of the '079 patent.  Samsung has infringed the '079 patent by making, using, selling, offering for sale, and importing the Accused Products.

82.     The Accused Products are computer apparatuses.

83.     The Accused Products contain a light source that will illuminate a human body part within a work volume.

84.     The Accused Products have one or more cameras.  The one or more cameras have a fixed relation to the light source.  The one or more cameras of the Accused Products are oriented to observe gestures performed by a human body part.

16

85.      The Accused Products have one or more processors including, but not limited to, one or more System on Chips, that have been programmed to determine a gesture performed based on output from the one or more cameras.

86.      Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above.  Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

87.      Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '079 patent.

88.      Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '079 patent.

89.      Samsung had knowledge of the '079 patent at least as of the filing of this Complaint.

90.      Samsung has also indirectly infringed one or more claims of the '079 patent by inducing others to directly infringe the '079 patent.  Samsung has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '079 patent by using the Accused Products.   Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '079 patent, including, for example, Claim 11 of the '079 patent.  Such steps by Samsung included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.

Samsung performed these steps, which constitute induced infringement with the knowledge of the '079 patent and with the knowledge that the induced acts constitute infringement.  Samsung was aware that the normal and customary use of the Accused Products by others would infringe the '079 patent.  Samsung's inducement is ongoing.

91.     Samsung's direct and indirect infringement of the '079 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

### PRAYER FOR RELIEF

GTP requests that the Court find in its favor and against Samsung, and that the Court grant GTP the following relief:

a.     Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Samsung or all others acting in concert therewith;

b.     Judgment that Samsung accounts for and pays to GTP all damages to and costs incurred by GTP because of Samsung's infringing activities and other conduct complained of herein;

c.     Judgment that Samsung's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.     Pre-judgment and post-judgment interest on the damages caused by Samsung's infringing activities and other conduct complained of herein;

e.     That this Court declare this an exceptional case and award GTP its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      All other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 4, 2021                 Respectfully submitted,


                                        By: /s/ Fred I. Williams
                                        Fred I. Williams
                                        Texas State Bar No. 00794855
                                        Michael Simons
                                        Texas State Bar No. 24008042
                                        Jonathan L. Hardt
                                        Texas State Bar No. 24039906
                                        Chad Ennis
                                        Texas State Bar No. 24045834
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        327 Congress Ave., Suite 490
                                        Austin, TX 78701
                                        Tel: 512-543-1354
                                        fwilliams@wsltrial.com
                                        msimons@wsltrial.com
                                        jhardt@wsltrial.com
                                        cennis@wsltrial.com

                                        Todd E. Landis
                                        State Bar No. 24030226
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        2633 McKinney Ave., Suite 130 #366
                                        Dallas, TX 75204
                                        Tel: 512-543-1357
                                        tlandis@wsltrial.com

                                        John Wittenzellner
                                        Pennsylvania State Bar No. 308996
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        1735 Market Street, Suite A #453
                                        Philadelphia, PA 19103
                                        Tel: 512-543-1373
                                        johnw@wsltrial.com

                                        *Attorneys for Plaintiff Gesture Technology
                                        Partners, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 4, 2021, the undersigned caused a copy of the foregoing document to be served on Samsung through the Court's ECF System.

<u>*/s/ Fred I. Williams*</u>
Fred I. Williams